Mark Hanna
MURPHY ANDERSON PLLC
1401 K St. NW, Suite 300
Washington, DC 20005
Tel. (202) 223-2620
Fax (202) 296-9600

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UFCW LOCAL 464A; LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION WELFARE SERVICE BENEFIT FUND; UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION LOCAL 464A PENSION FUND; and LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION EDUCATION BENEFIT FUND, | Civil Action No.<br><br>**COMPLAINT FOR UNPAID UNION DUES AND BENEFIT FUND CONTRIBUTIONS AND ENFORCEMENT OF PLAN TERMS** |
| Plaintiffs, | |
| v. | |
| OLD TAPPAN FOOD, LLC, | |
| Defendant. | |
| _____/ | |

COME NOW UFCW Local 464A ("the Union"), Local 464A United Food

and Commercial Workers Union Welfare Service Benefit Fund ("the Welfare

Fund"), United Food and Commercial Workers International Union Local 464A

1

Pension Fund ("the Pension Fund"), and Local 464A United Food and Commercial Workers Union Educational Benefit Fund ("the Education Fund") (collectively, "the Funds"), by and through their respective officers and/or Trustees, and on behalf of each of them complain as follows:

## PARTIES

1. The Union is a labor organization that represents, among others, employees in the retail food industry in New Jersey.

2. The Welfare Fund is a joint labor-management-sponsored trust fund authorized by Sections 302(c)(5) and (8) of the Labor Relations Management Act ("LMRA"), established to provide health and welfare benefits to employees and their families, commonly known as a Taft-Hartley Fund, as well as an employee welfare benefit fund within the meaning of Section 3(1) of the Employee Retirement Income Security Act ("ERISA"), that provides a program of health, welfare, legal, and related benefits for its participants and beneficiaries. The Welfare Fund is funded through employer contributions made under collective bargaining agreements with the Union. The Welfare Fund is self-insured, paying benefits out of employer contributions made under collective bargaining agreements with the Union and any investment income generated by those contributions.

3. The Pension Fund is a joint labor-management-sponsored trust fund

authorized by Section 302(c)(5) of the LMRA, established to provide pension benefits to employees and their families, commonly known as a Taft-Hartley Fund, as well as a multiemployer employee pension benefit fund within the meaning of Sections 3(2)(A) and 3(37)(A) of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), that provides a program of pension benefits for its participants and beneficiaries. The Pension Fund is self-insured, paying benefits out of employer contributions made under collective bargaining agreements with the Union and any investment income generated by those contributions.

4.      The Education Fund is a joint labor-management-sponsored trust fund authorized by Section 302(c)(5) of the LMRA, established to provide educational benefits to employees and their families, commonly known as a Taft-Hartley Fund, as well as an employee welfare benefit fund within the meaning of Section 3(1) of ERISA, that provides a program of educational benefits for its participants and beneficiaries. The Education Fund is funded through employer contributions made under collective bargaining agreements with the Union. The Education Fund is self-insured, paying benefits out of employer contributions made under collective bargaining agreements with the Union and any investment income generated by those contributions.

5.      Plaintiffs are the respective officers of the Union and Boards of

Trustees of the Funds, and they bring this lawsuit in that capacity and on behalf of their respective entities to collect union dues that were deducted from employees' paychecks but not paid to the Union, as well as unpaid contributions, interest and liquidated damages due to the Funds.

6. Defendant Old Tappan Food, LLC is an employer within the meaning of Section 5 of ERISA and Section 2(2) of the LMRA, and an owner and operator of a retail grocery store in Old Tappan, New Jersey ("the Old Tappan store").

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiffs' claims pursuant to Section 301 of the LMRA, 29 U.S.C. §185, and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and/or 28 U.S.C. §1332.

8. Venue is proper in this District pursuant to 29 U.S.C. §185, 29 U.S.C. §1132(e)(2) and/or 28 U.S.C. §1391(b), in that the Union maintains its principal office in this District, and Defendant is headquartered, operates its business, and incurred its obligations to Plaintiffs in this District.

## FACTS

9. The Defendant is party to a collective bargaining agreement with the Union setting forth the terms and conditions of employment for certain of its employees at its Old Tappan store ("the Collective Bargaining Agreement").

4

10. The terms of the respective trust agreements establishing and governing each of the Funds ("the Trust Agreements") bind the Defendant to their respective terms and provisions, as well as the rules and regulations of the respective Funds.

11. Pursuant to the Collective Bargaining Agreement, the Defendant is required to deduct union dues initiation fees from the paychecks of those employees who have authorized said deductions, and to pay said monies to the Union.

12. Pursuant to the Collective Bargaining Agreement and the Trust Agreements, the Defendant is required to make timely contributions to both Funds for each and every employee covered by the Collective Bargaining Agreement, pursuant to procedures specified in the Collective Bargaining Agreement, the Trust Agreements, and/or the rules and regulations of the respective Funds.

13. The terms of the Collective Bargaining Agreement and the Trust Agreements require the Defendant to provide certain information to the Funds to ensure proper accounting of contributions and crediting of service for purposes of determining benefits.

14. The terms of the Collective Bargaining Agreement and Trust Agreements make the Defendant liable for interest and liquidated damages on unpaid and late paid contributions and for legal fees and court costs incurred

because of such delinquency.

15. The Defendant has deducted union dues since May 2018, from the paychecks of those employees who have authorized such deductions but has not paid them over to the Union.

16. The Defendant has not paid contributions to the Fund for hours worked by its employees in the Old Tappan store for since May 2018. The Defendant now owes the Funds collectively $40,078.50 in delinquent contributions for its employees in the Old Tappan store.

17. On or about July 23, 2018, the Union and the Funds, by and through their authorized representative, served demands for payment of the union dues and delinquent contributions on the Defendant, and gave the Defendant 10 days to cure the delinquency or the Union and the Funds would institute collection proceedings against the Defendant.

18. The Defendant has not cured the delinquency owing to the Union and the Funds. Instead, the Defendant has continued to deduct union dues from the paychecks of employees who have authorized such deductions without paying the dues to the Union, and to fail to timely pay contributions to the Funds as they have come due.

## FIRST CAUSE OF ACTION

## **Unpaid Union Dues**
## **[29 U.S.C. § 185(a)]**

19. Plaintiffs the Funds incorporate the allegations of Paragraphs 1 through 18, inclusive, as though set forth herein in full.

20. The Collective Bargaining Agreement requires the Defendant to deduct weekly union dues from the paychecks of employees covered by the Collective Bargaining Agreement with the Union, in the manner specified in the Collective Bargaining Agreement, and pay such union dues to the Union in the manner specified in the Collective Bargaining Agreement.

21. The Defendant breached the terms of its Collective Bargaining Agreement by failing to timely pay to the Union dues deducted from the employees' paychecks.

22. The amount of deducted but unpaid union dues owing to the Union is $3,391.56 as of August 16, 2018. The Defendant's breach of the Collective Bargaining Agreement is a continuing violation, entitling the Union to relief for the entire period the Defendant has failed to pay to the Union dues deducted from the employees' paychecks up through expiration of the Collective Bargaining Agreement and/or entry of judgment in this matter, whichever occurs first.

**SECOND CAUSE OF ACTION**
**Unpaid Fund Contributions**

**[29 USC § 1145]**

23. Plaintiffs the Funds incorporate the allegations of Paragraphs 1 through 18, inclusive, as though set forth herein in full.

24. The Collective Bargaining Agreement and the Trust Agreements require the Defendant to make timely payments of contributions to both Funds for each employee covered by the Collective Bargaining Agreement with the Union, in the manner specified in the Collective Bargaining Agreement, the Trust Agreements, and/or the rules and regulations of the respective Funds.

25. The Defendant breached the terms of its Collective Bargaining Agreement and the Trust Agreements by failing to timely pay contributions that are owed to both of the Funds.

26. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, the Defendant is required to pay liquidated damages and interest on unpaid contributions, plus attorneys' fees and costs incurred by the Funds in collecting the unpaid contributions.

27. The amount of delinquent contributions due and owing to the Funds, collectively, as of August 16, 2018, is $40,078.50 plus interest and liquidated damages. The Defendant's breach of the Collective Bargaining Agreement and the Trust Agreements is a continuing violation, entitling Plaintiffs, and each of them, to

relief for the entire period the Defendant has failed to pay contributions up through expiration of the Collective Bargaining Agreement and/or entry of judgment in this matter, whichever occurs first.

### THIRD CAUSE OF ACTION
### Enforcement of Plan Terms
### [29 USC § 1132(a)(3)]

28. Plaintiffs the Funds incorporate the allegations of Paragraphs 1 through 18 inclusive, as though set forth herein in full.

29. The Collective Bargaining Agreement and the Trust Agreements require the Defendant to provide certain information to the Funds to ensure proper accounting of contributions and crediting of service for purposes of determining benefits.

30. The Defendant breached the terms of the Collective Bargaining Agreement and the Trust Agreements by failing to provide the necessary and required information to ensure proper accounting of the Funds.

31. The Defendant's breach of the Collective Bargaining Agreement and the Trust Agreements is a continuing violation, entitling Plaintiffs, and each of them, to relief for the entire period the Defendant has failed to pay contributions up through expiration of the Collective Bargaining Agreement and/or entry of judgment in this matter, whichever occurs first.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. An order directing the Defendant to pay to the Union all unpaid union dues deducted from the paychecks of those employees who authorized such deductions;

2. An order directing the Defendant to pay to the Funds all unpaid contributions due and owing;

3. An order directing the Defendant to provide to the Funds the information necessary for proper accounting of contributions and credited service of employees;

4. Interest on such unpaid contributions, pursuant to 29 U.S.C. §1132(g)(2)(B), and as set forth in the respective Trust Agreements and/or rules and regulations of the Funds;

5. The greater of interest or liquidated damages on such unpaid contributions, pursuant to 29 U.S.C. §1132(g)(2)(C);

6. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1);

7. An order enjoining the Defendant from failing to timely pay to the

Union dues deducted from employees' payments

       8.     An order enjoining the Defendant from failing to timely pay contributions to each of the Funds that become due and owing in the future; and

       9.     Such other and proper relief that the Court deems appropriate.

Dated:  August 20, 2018                       MURPHY ANDERSON PLLC

                                                  /s/  *Mark Hanna*
                                                  Mark Hanna
                                                  Attorneys for Plaintiffs